# EXHIBIT E

## SECOND AMENDMENT TO LOAN AGREEMENT

THE SECOND AMENDMENT TO LOAN AGREEMENT (this "Second Amendment") is entered into as of October 8, 2024 (the "Second Amendment Effective Date"), by and between HARRISBURG HOTELS LLC, a Delaware limited liability company ("Borrower"), DAVID FRANKEL and CHESKY FRANKEL (collectively, the "Guarantor"), and GGP HOTEL HARRISBURG FUNDER LLC, a Delaware limited liability company (together with its successors and assigns, the "Lender"). Lender, Borrower and Guarantor are sometimes hereinafter collectively referred to as the "**Parties**" or individually as a "**Party**."

## RECITALS

WHEREAS, Borrower entered into that certain Loan Agreement with Lender dated as of October 5, 2021 and amended by the First Amendment to Loan Agreement dated May 3, 2024 (as amended, the "Loan Agreement"), pursuant to which Lender made a loan to Borrower and Borrower accepted a loan from Lender in the original principal amount of up to Twenty-Three Million and No/100 Dollars ($23,000,000.00) (the "Loan") and secured by, among other things, property located at 4650 Lindle Road, Harrisburg, PA 17111, on all of the terms and conditions set forth therein.

WHEREAS, Borrower wishes to extend the Stated Maturity Date and to modify certain other terms in the Loan Agreement all on the terms and conditions set forth herein.

NOW THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Lender and Borrower hereto agree as follows:

1. Definitions. Capitalized terms not otherwise expressly defined herein shall have the meanings ascribed to them in the Loan Agreement. The Parties hereby agree that the recitals set forth hereinabove are true and correct and incorporated into this Second Amendment.

2. Modification to Definitions. The following definitions are hereby modified in Section 1.1 of the Loan Agreement.

    a. The definition of "Stated Maturity Date" in Section 1.1 of the Loan Agreement shall be deleted in its entirety and substituted with the following: ***Stated Maturity Date***: December 2, 2024, as the same may be extended pursuant to Section 2.9.

3. Debt Service Reserve. Lender shall have the right to apply funds on account in the Debt Service Subaccount, to the extent available, to the debt service payments due in October 2024 and November 2024, without limiting Borrower's obligations to replenish the Deb Service Subaccount Reserve and Lender's other rights with respect thereto following an Event of Default.

4. Future Funding. Lender shall have no obligation to make any further advances of the Future Funding Amount, nor release any funds from the PIP Reserve Subaccount or FF&E Subaccount.

5. Representations and Warranties. Each of Borrower and Guarantor hereby represent and warrant to Lender, as of the date hereof, as follows:

    a. Such party has, to the extent applicable, the power and requisite authority to execute, deliver and perform its obligations under this Second Amendment and, to the extent applicable, is duly authorized to, and has taken all action necessary to authorize such party to, execute, deliver and perform its obligations under this Second Amendment.

    b. This Second Amendment constitutes a legal, valid and binding obligation of such party (as applicable), enforceable in accordance with its terms, subject to applicable bankruptcy, insolvency, reorganization, moratorium and similar laws affecting the rights of creditors generally, and by general principles of equity.

    c. No consent, approval, authorization, or order of any court, Governmental Authority, or any other third party is required in connection with the execution and delivery by such party of this Second Amendment or to consummate the transactions contemplated hereby, which consent has not been obtained.

    d. The representations and warranties made by Borrower in the Loan Agreement and the representations and warranties made by Borrower and Guarantor in the other Loan Documents to which each such Person is a party are true and correct in all material respects as if remade on the date hereof except for (a) representations expressly made solely as of a prior date, or (b) representations or warranties which are no longer true and correct due to any changes of facts or circumstances which do not constitute a Default or Event of Default and disclosed to Lender in writing prior to the date hereof.

    e. No Default or Event of Default has occurred and is continuing.

6. <u>Reaffirmation</u>. Borrower and Guarantor each have had the opportunity to review this Second Amendment and are entering into this Second Amendment with full knowledge of the terms of this Second Amendment. Guarantor hereby agrees and acknowledges that the Completion Guaranty, the Carry Guaranty, the Recourse Guaranty and the Environmental Indemnity (as used herein, and each as amended by this Second Amendment, collectively, the "<u>Guaranties</u>") are and shall remain in full force and effect and are valid, binding, and enforceable against the applicable Guarantor upon the terms and conditions set forth therein, as amended hereby, subject to applicable bankruptcy, insolvency and similar laws affecting the rights of creditors generally, and general principles of equity, and Guarantor's obligations and liabilities under the Guaranties shall continue without impairment or limitation by reason of this Second Amendment. Guarantor further reaffirms its obligations under the Guaranties as separate and distinct from Borrower's obligations under the Loan Documents. The Loan Documents to which Borrower is a party, as amended hereby, are valid, binding and enforceable against Borrower, as applicable, upon the terms and conditions set forth therein, as amended hereby, subject to applicable bankruptcy, insolvency and similar laws affecting the rights of creditors generally, and Borrower's obligations and liabilities under such agreements, as amended hereby, shall continue without impairment or limitation by reason of this Second Amendment. Borrower hereby reaffirms the Loan Documents to which it is a party, and its liabilities, waivers, agreements, covenants and obligations under such Loan Documents, as applicable.

7. <u>Costs and Expenses</u>. Borrower shall pay all costs and expenses of Lender in connection with the negotiation of this Second Amendment, including, without limitation, all reasonable fees and expenses of Lender's counsel, and the cost of any required counsel opinions.

8. <u>Lender Release</u>. Each of Borrower and Guarantor hereby acknowledge and agree that, as of the date hereof, neither Borrower nor Guarantor has any claims, counterclaims, damages, actions, suits, causes of action, rights, liens, demands, obligations, claims for attorneys' fees, and/or liabilities, offsets, or defenses (collectively, "<u>Claims</u>") against Lender or any of its past and present employees, agents, representatives, attorneys, accountants, auditors, insurers, officers, directors, managers, parents, subsidiaries, affiliates, divisions, predecessors, reinsurers, successors, heirs, and

2

assigns (together with Lender, collectively, "Lender Persons"), in each instance, in connection with the Loan. For the avoidance of doubt, if Borrower or Guarantor now has, or ever did have, any Claims against any Lender Persons in connection with the Loan, at law or in equity, through the date hereof, each of Borrower and Guarantor expressly WAIVE, and expressly RELEASE, all Lender Persons from any liability in connection with any such Claims. This release of Lender Persons shall constitute a complete defense to any Claim released pursuant to this Section.

9. No Course of Conduct, Etc. Each of Borrower and Guarantor are hereby advised, and each of Borrower and Guarantor hereby acknowledge and agree that this Second Amendment does not affect, waive, modify, or amend the Loan Documents in any respect whatsoever except as expressly set forth herein, and in particular, this Second Amendment shall not constitute (I) except as expressly set forth herein, a waiver or a modification or amendment of Borrower's or Guarantor's payment or performance obligations set forth in the Loan Documents, (II) except as expressly set forth herein, a cure or waiver of any Defaults or Events of Default under the Loan Documents, (III) a forbearance from or prejudice to Lender's exercise of remedies pursuant to the Loan Documents, at law or in equity, (IV) a waiver of or prejudice to any rights, powers, privileges, or remedies that Lender may have under the Loan Documents, at law or in equity, (V) a course of conduct obligating Lender to act in a similar fashion in the future, regardless of the economic status of the Borrower or Guarantor or general economic conditions at such future time, (VI) a failure to act on the part of Lender, or (VII) a rescission or modification of any notices given to Borrower, Guarantor, or any other obligor. Lender has the right to pursue all such rights and remedies with respect to any Defaults or Events of Default under the Loan Documents and any other existing delinquencies, breaches, Defaults or Events of Default, and with respect to any future delinquencies, breaches, Defaults, or Events of Default, as provided in the Loan Documents. In addition and without limitation, Lender's execution of this Second Amendment does not and shall not (a) prejudice or preclude any other or further exercise of any right or remedy of Lender provided by law or in equity, or (b) entitle Borrower or Guarantor to any other or further notice of demand whatsoever. The execution and delivery of this Second Amendment is not intended to constitute a novation of the Loan Documents nor impair or modify the priority of any security document executed in connection therewith.

10. Ratification. Borrower and Lender hereby ratify and confirm their respective rights and obligations under the Loan Agreement. Except as specifically herein amended, the Loan Agreement is and shall remain in full force and effect according to the terms thereof. In the event of any conflict between the terms and provisions of the Loan Agreement and the terms and provisions of this Second Amendment, the terms and provisions of this Second Amendment shall control.

11. Headings. The headings to sections of this Second Amendment are for convenient reference only and shall not be used in interpreting this Second Amendment. If any provision of this Second Amendment or any of the other Loan Documents shall be determined by a court of competent jurisdiction to be invalid, illegal or unenforceable, that portion shall be deemed severed from this Second Amendment and the remaining parts shall remain in full force as though the invalid, illegal, or unenforceable portion had never been a part thereof.

12. Authority. Borrower represents and warrants to the other that the persons executing this Second Amendment on behalf of such party have the full right, power and authority to enter into and execute this Second Amendment on such party's behalf and that no consent from any other person or entity is necessary as a condition precedent to the legal effect of this Second Amendment.

13. Merger; Amendments. Except as set forth herein, the Loan Agreement remains unmodified and in full force and effect. In the event of any inconsistency between the provisions of the Loan

3

Agreement and this Second Amendment, the terms of this Second Amendment shall control. All prior understandings and agreements between the parties with respect to the subject matter of this Second Amendment are merged within this Second Amendment, which alone fully and completely sets forth the understanding of the parties with respect thereto. This Second Amendment may not be changed or modified nor may any of its provisions be waived orally or in any manner other than by a writing signed by Borrower and Lender.

14. <u>Successors and Assigns</u>. The terms, covenants and conditions contained herein are binding upon and inure to the benefit of the parties hereto and their successors and assigns and is for the benefit of the Parties and their respective successor and assigns, and not for any other person or entity.

15. <u>Governing Law</u>. This Second Amendment has been executed and delivered in, and shall be interpreted, construed, and enforced pursuant to and in accordance with the laws of the State of New York. All duties and obligations of the Borrower and Lender created hereunder are performable in New York, which shall be the sole and exclusive venue for any litigation, special proceeding, or other proceeding between the Borrower and Lender that may be brought, arise out of or in connection with or by reason of this Second Amendment.

16. <u>Counterparts</u>. This Second Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement. Any counterpart of this Second Amendment may be executed and delivered by electronic transmission (including, without limitation, e-mail or by portable document format (pdf)) and shall have the same force and effect as an original.

[REMAINDER OF PAGE INTENTIONALLY BLANK; SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the Parties have caused this Second Amendment to be executed this Second Amendment on the day and year set forth above.

BORROWER:

HARRISBURG HOTELS LLC,
a Delaware Limited Liability Company

By: _____
Name: David Frankel
Title: Authorized Signatory

[Remainder of Page Intentionally Left Blank; Signature Page Follows]

[Signature Page to Second Amendment to Loan Agreement]

ACTIVE 687687738v8
ACTIVE 687687738v8

LENDER:

GGP HOTEL HARRISBURG FUNDER LLC,
a Delaware Limited Liability Company

By: _____
Name: Yaniv Blumenfeld
Title: Authorized Signatory

[Remainder of Page Intentionally Left Blank; Signature Page Follows]

GUARANTOR:

_____
DAVID FRANKEL, a natural person

[Remainder of Page Intentionally Left Blank; Signature Page Follows]

GUARANTOR:

_____
CHESKY FRANKEL, a natural person

[Signature Page to Second Amendment to Loan Agreement]

ACTIVE 687687738v8
ACTIVE 687687738v8